Opinion of the Court, by
Ch. J. Boyle.
THIS was an action of debt, for a horse and saddle, and thirty dollars, brought by Blunt against Davidson and Russell, under the act to prevent unlawful gaming; plea nil debet; verdict and judgment for the plaintiff in the court below for sixty dollars; to reverse which the defendants in that court prosecute this writ of error.
The act of 1799 to suppress gambling, subjects to forfeiture all money, or property, staked or betted on any occasion whatever, to be recovered by any person suing for the same, one half to his own use, and the other to the county, to be applied in aid of the county levy. By virtue of this act the declaration should have been qui tam, and not in the plaintiff's own right. The rule is general, that in all actions for forfeitures, created by statute, the one half to the informer, and the other to the county, the action should be qui tam. The prosecutor being entitled to a part only, cannot recover to his own use the whole. If that was allowed, it would violate one of the first rules in pleading. His count should be according to his interest in the thing demanded. But a stronger reason than this, is, that the county might be put to much inconvenience in recovering of the informer her portion of the forfeiture, which could be done only by another action. But if this objection to the proceeding in this cause could be surmounted, there are others for which the judgment must be reversed. The action is brought in part to recover back property lost at play. The judgment should, *129 according to the decision of this court, in the case of Best vs. Shepherd, have been for the specific thing and not its value.
Wherefore it is considered by the court, that the judgment of the said circuit court be reversed, and the verdict of the jury set aside, that the cause be remanded to said court with directions to permit the plaintiff to amend his declaration if he should move for leave to do so, and new proceedings to be had, not inconsistent with the foregoing opinion; and if he should not, for the cause to be dismissed with costs, which is ordered to be certified. And it is further considered, that the plaintiffs in error recover of the defendant their costs expended in the prosecution of this writ of error.